IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PNC FINANCIAL SERVICES GROUP,
INC.,

        Plaintiff,

v.

EILEEN DALY, MORGAN STANLEY,

        Defendants.

14cv0335
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER
## RE: DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 27 & 29)

### I. Introduction

This case centers on actions allegedly taken by an employee, Eileen Daly, and her new employer Morgan Stanley, prior to and continuing after her resignation from PNC Financial Services Group, Inc. ("PNC Financial Services" "Plaintiff"). Doc. Nos. 1 and 19. Plaintiff, in its Amended Complaint, has alleged causes of action for breach of contract (Count I vs. Eileen Daly) and tortious interference with existing and prospective contractual relations (Count II vs. Morgan Stanley). Doc. No. 19. Jurisdiction is based upon diversity of citizenship. Presently before the Court are a Motion to Dismiss filed by Defendant Morgan Stanley ("Morgan Stanley" "Defendant") and a Motion to Dismiss or Motion to Transfer Venue filed by Defendant Eileen Daly ("Daly"). Doc. Nos. 27, 29. Defendants contend that Plaintiff has failed to state a cause of action, filed suit in an inappropriate venue, and failed to join an indispensable party. For the following reasons, Defendants' Motions to Dismiss will be denied.

## II. Factual Background and Procedural History

In ruling on a Motion to Dismiss, the Court must take all well-pleaded facts in the Complaint and reasonable inferences as true. *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999). The facts of this case, solely for the purposes of this Memorandum Order, are as follows:

Defendant Daly was employed as a Senior Vice President by PNC Bank, N.A., a wholly owned subsidiary of Plaintiff PNC Financial Services (which is headquartered in Pittsburgh, Pennsylvania). Doc. No. 19, ¶¶ 2, 11. Daly was responsible for providing trust advisory services in the Palm Beach, Florida Office. Id. at ¶¶ 2, 14. Her clients included a number of PNC Financial Service's most valuable customers. Id. Plaintiff preserves and protects business information and trade secrets related to trust advising. Id. at ¶¶ 33-34.

On January 25, 2010, and February 9, 2011, Daly and PNC Financial Services entered into agreements that included traditional restrictive covenants, including non-solicitation of/not doing business with customers, non-hire/non-solicitation of employees, and non-disclosure/non-misuse of confidential information and trade secrets clauses ("restrictive covenants"). Id. at ¶ 17. Sections 14 and 15 specified certain actions that Daly could not undertake after her employment ended. They included that Daly could not solicit current or former customers or offer to employ or "divert or entice away" any employee for a period of one year after any termination of her employment. Id. at ¶ 19. The Agreements also included that Daly would not use or disclose confidential business or technical information acquired during her employment. Id. at ¶ 20. The Agreements provided if Daly breached any of these provisions within the applicable 12 month period, PNC Financial Services could extend the period for an additional 12 months. Id. at ¶ 22.

The Agreements include a provision that disputes related thereto would be brought "exclusively" in the United States District Court for the Western District of Pennsylvania or the

Court of Common Pleas of Allegheny County, Pennsylvania. Id. at ¶ 21. Daly received restricted stock awards totaling 240 shares of stock as part of the Agreements. Id at ¶ 17. Daly explicitly agreed that she received adequate consideration with respect to Sections 14 and 15 of the Agreements. Id. at ¶ 23.

In mid-January 2014, Daly attempted to download confidential customer information. Id. at ¶ 46. Daly resigned from Plaintiff's employment on January 31, 2014, to pursue employment with Morgan Stanley. Id. at ¶ 2. She was observed photographing her computer screen with her mobile phone earlier that day. Id. at ¶ 37. Two other employees also planned to resign and pursue employment with Morgan Stanley and did so on the same date. Id. at ¶¶ 27, 32. Plaintiff has been unable to locate approximately 10 boxes of customer files that were in Daly's office prior to her resignation. Id. at ¶ 38.

Defendants have unlawfully solicited and diverted customers from Plaintiff and misappropriated some of Plaintiff's valuable confidential business information. Id. at ¶ 24. These actions began in late 2013 and were planned and implemented while Daly was employed by Plaintiff. Id. at ¶ 25. Daly has solicited, called on, and generally sought to divert and entice Plaintiff's customers to Morgan Stanley. Id. at ¶ 41. These actions violated Daly's Agreements with Plaintiff. Id. at ¶ 30.

### III. Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**IV.  Discussion**

### *A. PNC Bank is Not an Indispensable Party to this Dispute*

Defendants Morgan Stanley and Daly move this Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party. Doc. Nos. 27, 29. Plaintiff's original Complaint was brought by PNC Financial Services and PNC Bank and was filed in this Court based up diversity of citizenship. Doc. No. 1. Morgan Stanley contends that, after the original Complaint was filed, it advised Plaintiff that PNC Bank and Morgan Stanley are both Delaware corporations and therefore, jurisdiction based upon diversity of citizenship was not proper. Doc. No. 33, 1. PNC Financial Services is the only named Plaintiff in the Amended Complaint. Doc. No. 19. Morgan Stanley and Daly move this Court to dismiss Plaintiff's Amended Complaint because PNC Bank is an indispensable party and joinder of PNC Bank would destroy diversity jurisdiction.

Defendants contend that PNC Bank is an indispensable party because the restrictive covenant provisions of the Agreements concern Daly's employment with PNC Bank, not PNC Financial Services. Doc. No. 33. Defendant Morgan Stanley contends that PNC Bank was removed as a Plaintiff "solely to create a basis for diversity jurisdiction that does not otherwise exist." Doc. No. 33, 3. In essence, Defendants' arguments are based on PNC Bank's removal as a party. It appears that but for PNC Bank's inclusion as a Plaintiff in the original Complaint, this argument would not have been raised. The Court will not question the wisdom of or motivation for PNC Bank's inclusion in the original Complaint or subsequent removal as a Plaintiff. Rather, the sole issue as it relates to this matter is whether PNC Bank must be a party to the present litigation.

Federal Rule of Civil Procedure 19(a) provides that a party should be joined to the action if the Court cannot "accord complete relief among the existing parties" without the non-party or if the non-party claims an interest in the subject of the action and not joining the entity would impair the non-joined party from protecting its interest or leave an existing party "subject to a substantial relief of incurring double, multiple or otherwise inconsistent obligations because of the interest." Morgan Stanley contends that the parties will not be able to obtain complete relief as situated and Morgan Stanley will be subject to multiple claims if PNC Bank is not joined as a party because PNC Bank is the only entity with a real interest in enforcing the applicable Agreements. Doc. No. 33, 4. Morgan Stanley contends that despite any judgment against it in this case, PNC Bank would not be precluded from bringing similar claims against Defendant in a separate lawsuit. Id. at 5.

PNC Bank does not claim an interest in the present action and therefore, the Court's inquiry is whether the Court can accord complete relief among the existing parties without PNC Bank as a Plaintiff. It can. The basis of both the original and Amended Complaints is Defendants' alleged breach of restrictive covenants contained within Restricted Stock Award Agreements and interference therewith. Total resolution of these claims is possible between the named parties because Plaintiff, PNC Financial Services, is a party to the applicable Agreements and is the party allegedly injured by Defendants' continued actions. Notably, PNC Bank is a non-signatory to the Agreements and does not assert an interest in this action.

Defendants' concerns about multiple or inconsistent judgments is diminished by the case's procedural history. Unlike other cases that involve joinder of non-parties, PNC Bank was previously a party to this action and was represented by the same attorneys who currently represent PNC Financial Services. Plaintiff's Amended Complaint is a streamlined version of

the original Complaint as to both claims and the parties. Defendants' Motions do not present the case of an uniformed or unavailable non-party that would be disadvantaged by its absence in this case or one in which Defendants would be exposed to later litigation on the same issues, but rather, is based upon Plaintiff's counsels' decision to streamline the case and drop a dispensable party that is no longer interested in pursuing claims against Defendants. This does not affect this Court's proper jurisdiction.

Therefore, Defendants' Motions to Dismiss for failure to join an indispensable party will be denied.

### B. *Plaintiff has Sufficiently Pled Count I*

Defendant Daly moves this Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to sufficiently pled its breach of contract claim (Count I). Doc. No. 29. In support of her Motion, Daly contends that Plaintiff's allegations are speculative and conclusory and Plaintiff does not have a legitimate business interest in the claim. Id.

As to the sufficiency of Plaintiff's allegations, the Court finds that they conform with the requirements of this early stage of litigation. Plaintiff has set forth how, when, and where the cause of action occurred required to give Defendant notice of the allegedly wrongful actions. There is a reasonable expectation that discovery may reveal further support for the breach of contract claim.

Further, Plaintiff, as signatory to the Agreements, has a legitimate business interest in enforcement of the Agreement's restrictive covenants clause and is a proper party to bring this claim.

### C. The United States District Court for the Western District of Pennsylvania is an Appropriate Forum for this Action

Defendant Daly also moves this Court to transfer venue to the United States District Court for the Southern District of Florida pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). Section 1404(a) provides that, in the interest of justice a district court may transfer a civil action to another district where the case could have been filed "for the convenience of parties and witnesses." Daly contends that the case should be transferred to the Southern District of Florida because all of the witnesses and customers at issue reside in Florida. Doc. No. 29, 9. The applicable Agreements contain a forum selection clause that sets forth that any dispute over the Agreements will be brought in the state or federal courts of Western Pennsylvania. Daly contends that the agreed-upon form is "so gravely inconvenient" that she will be effectively deprived of access to the court. Doc. No. 29, 13 citing *Centimark Corp. v. Lavine*, 2011 WL 2941214 (W.D. Pa. 2011)(Schwab, J.).

Although litigating this dispute in the United States District Court for the Western District of Pennsylvania may be less convenient to Defendant Daly and her counsel, this is the Parties' agreed venue. Not only did Daly's Agreements include a forum selection clause for the state or federal courts of Western Pennsylvania, but Daly (and Plaintiff) waived any "right to challenge jurisdiction or venue in such courts with regard to any suit, action, or proceeding under or in connection with the Agreement[s]." Doc. No. 19-1, 19-2, ¶ 15.1. This is significant and this Court is not compelled to transfer venue for Defendant's stated reasons. Defendant has not demonstrated that this forum is "gravely inconvenient" as to render the forum selection clause unreasonable.

Unfortunately, litigation in general can become expensive, inconvenient, and disruptive to daily life. The Court encourages Plaintiff's counsel and Defense counsel to work together to

minimize this litigation's impact on the parties, potential witnesses, and other involved. This Court will endeavor to provide both parties with a just, fair, and efficient resolution of their disputes.

## V. Order

AND NOW, this 22nd day of May, 2014, IT IS HEREBY ORDERED THAT:

1. Defendant Morgan Stanley, Inc.'s Motion to Dismiss (Doc. No. 27) is **DENIED**.

2. Defendant Eileen Daly's Motion to Dismiss or Motion to Transfer Venue (Doc. No. 29) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties