IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PNC FINANCIAL SERVICES GROUP, INC.,

    Plaintiff,

v.

EILEEN DALY, MORGAN STANLEY, INC.,

    Defendants.

14cv0335
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANT EILEEN DALY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. NO. 49)

### I. Introduction

This case centers on actions allegedly taken by an employee, Eileen Daly ("Daly" "Defendant"), prior to and following her resignation from PNC Financial Services Group Inc. ("PNC Financial Services" "Plaintiff"). Doc. No. 48. Plaintiff, in its Second Amended Complaint, has alleged causes of action for breach of contract (Count I vs. Daly) and tortious interference with existing and prospective contractual relations (Count II vs. Morgan Stanley, Inc.). Doc. No. 48. These are the same causes of action that were set forth in Plaintiff's First Amended Complaint. Doc. No. 19. Both Defendants previously moved this Court to dismiss Plaintiff's First Amended Complaint. Doc. Nos. 27 and 29. The Court denied both Motions to Dismiss in a Memorandum Order. Doc. No. 45.

Presently before this Court is Defendant Daly's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. No. 49. Daly's Motion to Dismiss is stylized as a Motion for Reconsideration because the Court previously addressed the same issues raised in her first Motion to Dismiss. Doc. No. 49, 1.

## II.    Factual Background

In ruling on a Motion to Dismiss, the Court must take all well-pleaded facts in the Complaint and reasonable inferences as true. *Heffernan v. Hunter*, 189 F.3d 405, 408 (3d Cir. 1999). The Court recited the facts of the case as set forth in Plaintiff's First Amended Complaint in its Memorandum Order re: Defendants' Motions to Dismiss. Doc. No. 45. Plaintiff's Second Amended Complaint further expands upon the factual averments of previous Complaints. (ex. Doc. No. 48, ¶ 24 " . . . Defendants have been and are engaged in a concerted campaign to breach and interfere with Daly's contractual obligations to PNC, which includes unlawfully soliciting and diverting customers away from PNC and its subsidiaries . . . ."). A full recitation of the factual averments of Plaintiff's Second Amended Complaint is not necessary for this Court to rule on this Motion.

## III.    Standard of Review

A motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).

## IV.    Discussion

As noted, Defendant's Motion to Dismiss is stylized as a Motion for Reconsideration of this Court's previous Memorandum Order and is designed to "preserve the record and her defenses to the Second Amended Complaint." Doc. No. 49, 1. Daly contends that the Court: (1) mistakenly believed that she was employed by and serviced customers of Plaintiff, PNC Financial Services, not PNC Bank; (2) did not address the United States Court of Appeals for the

Third Circuit's holding that an employer is an indispensable party in a restrictive covenant case; and (3) did not address that a restrictive covenant must be incident to an employment relationship between the parties to the restrictive covenant under Pennsylvania law. Doc. No. 49 citing *Tullett Prebon PLC v BGC Partners, Inc.*, 427 F.App'x 236, 239 (3d. Cir. 2011), *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 424 (3d. Cir. 2010), and *Hess v. Gebhard & Co.*, 808 A.2d 912 (Pa. 2002).

The linchpin of Defendant's argument is whether Plaintiff has established that it was her employer and/or whether the restrictive covenant was incident to an employment relationship between the Parties. She has at this early stage. Plaintiff, in its Second Amended Complaint, contends that Defendant was employed by PNC Financial Services Group's wholly-owned subsidiary, PNC Bank. Doc. No. 48, ¶ 2. Defendant entered into Restricted Stock Award Agreements with PNC Financial Services Group. Id. at ¶ 11. Taken as true Plaintiff's factual averments demonstrate that, Defendant breached provisions of Agreements she willfully entered into with Plaintiff during her employment. These Agreements related to her employment, *i.e.* financial services and derive out of an employment relationship between the Parties and any of Plaintiff's subsidiaries. An employment relationship (through a subsidiary) existed between Plaintiff and Defendant and the restrictive covenant at issue was incident to this employment relationship.

At this early stage, Plaintiff, as both owner of PNC Bank and signator to the Agreements, has demonstrated that the Agreements were incident to the employment relationship between the Parties and it has a legitimate business interest in enforcing the Agreements. This is distinguishable from the cases cited by Defendant in her Motion for Reconsideration where a non-party sought to enforce an agreement. *See Zambelli*, 592 F.3d at 423; *Hess*, 808 A.2d at

3

924. In sum, Plaintiff has demonstrated the who, what, where, and when necessary to survive a motion to dismiss.

The Court will also not disturb its finding that PNC Bank is not a necessary and indispensable party to this litigation. See Doc. No. 45, 5-7. The Court did not note Defendant's reliance on *Tullet Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236 (3d Cir. 2011) in its prior Memorandum Order. However, the holding in that non-published opinion is non-precedential and is distinguishable because, unlike the situation in *Tullet*, there is no identical, or indeed any similar litigation, brought by PNC Bank pending against Defendant that would make PNC Bank a necessary and indispensable party to this litigation.

In sum, Defendant has not demonstrated any clear error of fact or law in this Court's previous Memorandum Order re. her Motion to Dismiss and therefore, this Court's ruling will not be disturbed.

**V.     Order**

AND NOW, this 24th day of June, 2014, IT IS HEREBY ORDERED THAT Defendant Daly's Motion to Dismiss Second Amended Complaint (Doc. No. 49) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties